IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SHARIF CURETON,                           : CIVIL ACTION
[EV-0096]          Petitioner             :
                                          :
          V.                              :
                                          :
SUPERINTENDENT ROZUM, et al.,             : NO. 06-CV-3030
              Respondents                 :

## REPORT AND RECOMMENDATION

M. FAITH ANGELL
UNITED STATES MAGISTRATE JUDGE                    March 29, 2007

Presently before this court is a *pro se* petition for writ of habeas corpus filed, pursuant to 28 U.S.C. §2254, by a state prisoner. Petitioner is currently incarcerated at State Correctional Institution ["SCI"] Somerset, Pennsylvania, where he is serving a life sentence, to be followed by a five to twenty-five year sentence, for second-degree murder and related offenses.

### BACKGROUND [1]

On September 25, 2001, a jury found Sharif Cureton, Petitioner, guilty of second-degree murder, third-degree murder[2], four counts of aggravated assault, four counts of robbery, recklessly endangering another person, and possession of an instrument of crime.[3] *State Court Record*: Court of Common Pleas PCRA Appeal Opinion dated August 23, 2005 at p. 2. Petitioner was sentenced on October 19, 2001 to a life

---

[1] The facts in this discussion have been taken from Mr. Cureton's habeas petition, Respondents' Answer (with exhibits), and Petitioner's Reply.

[2] Petitioner was not sentenced on the third-degree murder charge.

[3] 18 Pa.C.S.A. §§2502(b), 2502(c), two counts of 2702(a)(1), two counts of 2702(a)(4), two counts of 3701(a)(1)(i), two counts of 3701(a)(1)(ii), and 907(a) respectively.

1

imprisonment without possibility of parole on the second-degree murder charge, to be followed by concurrent five to twenty-five years imprisonment for the related offenses.

Petitioner filed a timely appeal to the Pennsylvania Superior Court which affirmed the judgment of his sentence on April 16, 2003.  On September 23, 2003, the Pennsylvania Supreme Court denied Mr. Cureton's request for appeal.

On November 8, 2004, Petitioner filed a *pro se* PCRA[4] petition for relief in which he raised issues of insufficiency of the evidence and ineffectiveness of trial counsel. *State Court Record*:  Court of Common Pleas PCRA *Intent to Dismiss* Notice.  Petitioner was appointed PCRA counsel, who subsequently filed a "No Merit Letter" pursuant to *Commonwealth v. Finley*, 379 Pa. Super. 390, 550 A.2d 213 (1988) and *Commonwealth v. Turner*, 518 Pa. 491, 544 A.2d 927 (1988).  Counsel was permitted to withdraw on March 15, 2005, and after affording Petitioner an opportunity to amend his petition, the PCRA court dismissed his claims as meritless on May 31, 2005.  *State Court Record*: Court of Common Pleas PCRA Appeal Opinion dated August 23, 2005 at p. 2.

Petitioner appealed his PCRA dismissal to the Pennsylvania Superior Court.  The Superior Court dismissed his appeal when Petitioner failed to file his brief after being granted an extension of time to do so.  Mr. Cureton then filed an appeal to the Pennsylvania Supreme Court which denied his request on June 21, 2006.

Mr. Cureton signed and dated the instant *pro se* petition for federal habeas relief on June 27, 2006.[5]  *Habeas Petition*: Docket Entry #1.  Petitioner raises the following four grounds for review:

　　1)  Petitioner was convicted of both second and third-degree homicide;

---

[4] Post Conviction Relief Act, 42 Pa.C.S.A. §§9541-9546.
[5] For purposes of this Report & Recommendation, under the prison mailbox rule, I will accept June 27, 2006, as the date of filing.  *See Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998).

2) trial counsel was ineffective for failing to present countering "expert witness" testimony on his behalf;
3) the evidence was insufficient to sustain the verdict because Petitioner had no gunpowder residue on his clothes or hands after the alleged shooting; and
4) trial counsel was ineffective for mentioning a 9mm weapon during opening statements, or alternatively, that the court erred in failing to grant a mistrial after the defense counsel "tainted" the jury by referring to the irrelevant evidence.

*Habeas Petition* at pp. 9-10.

On August 10, 2006, Respondents filed an Answer arguing that Mr. Cureton's petition should be dismissed as untimely pursuant to the one-year limitations period of 28 U.S.C. §2244(d)(1), and that Petitioner failed to exhaust his claims in the Pennsylvania State Court system.  *Answer to Habeas Petition*: Docket Entry #5 at pp. 2-4.

## DISCUSSION

**I. Timeliness**

The Antiterrorism and Effective Death Penalty Act of 1996 ["AEDPA" or the "Act"], signed into law on April 24, 1996, significantly amended the laws governing habeas corpus petitions.  One of the amended provisions, §2244(d), imposes a one-year statute of limitations on state prisoners who seek federal habeas relief.  A habeas petition must be filed within one year of the date on which the petitioner's judgment of conviction becomes final by the conclusion of direct review or the expiration of the time seeking such review.  *See* 28 U.S.C. §2244(d)(1). [6]

---

[6] While the date on which the petitioner's conviction becomes final is typically the start date for the limitations period, the statute permits the limitation period to run from four different points in time, depending on which occurs latest.  In addition to the date on which the petitioner's conviction becomes final, the start date can also run from: (1) "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;" (2) "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively

The AEDPA amendments include a tolling provision which excuses certain qualified periods of time while the statute of limitations period runs.  *See* 28 U.S.C. §2244.  Statutory tolling includes "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  *See* 28 U.S.C. §2244(d)(2).

In the instant case, Petitioner was sentenced on October 19, 2001.  His direct appeal ended when the Pennsylvania Supreme Court denied his request for appeal on September 23, 2003.  Therefore, Petitioner's conviction became final 90 days later on December 22, 2003.  *Kapral v. United States*, 166 F.3d 565, 575-577 (3d Cir. 1999)(If a petitioner files appeals through the Pennsylvania Supreme Court, his conviction becomes final when the 90-day period for seeking *certiorari* to the United States Supreme Court expires.).  Mr. Cureton then had one year to file his petition for federal habeas relief.

Petitioner filed a PCRA petition on November 8, 2004, which tolled the AEDPA limitations period until the Pennsylvania Supreme Court denied an appeal on June 21, 2006.  Mr. Cureton still had approximately 43 days remaining on the §2244 statute of limitations when he filed the instant habeas petition.  Therefore, timeliness is not at issue.

## II.  Exhaustion/Procedural Default

### *A.  Legal Standards*

The exhaustion rule, codified in 28 U.S.C. §2254, generally requires a federal

---

applicable to cases on collateral review;" or (3) "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  *See* 28 U.S.C. §2244(d)(1)(A)-(D).  There is nothing in the pleadings before me to suggest that the start date for the statute of limitations should be permitted to run from a point in time later than the date on which Mr. Cureton's conviction became final.

court to postpone habeas corpus jurisdiction until "the applicant has exhausted the remedies available in the courts of the State." The exhaustion requirement is rooted in considerations of comity; the statute is designed to protect the role of the state court in enforcement of federal law and to prevent disruption of state judicial proceedings. *Rose v. Lundy*, 102 S.Ct. 1198, 1203 (1982); *Castille v. Peoples*, 489 U.S. 346, 349 (1989).

In order to demonstrate compliance with the exhaustion requirement, a habeas petitioner must show that each claim which forms the basis of his federal habeas petition has been "fairly presented" to the state courts. *Castille*, 489 U.S. at 351 (1989); *Picard v. Connor*, 404 U.S. 270, 275 (1971). Absent exceptional circumstances, the petitioner must first present all of his constitutional claims in the state system, through the highest state tribunal, before seeking relief in federal court. *Picard*, 404 U.S. at 275 (1971); *Swanger v. Zimmerman*, 750 F.2d 291 (3d Cir. 1984). The burden is on the habeas petitioner to establish that he has fairly presented his federal constitutional claims (both facts and legal theory) to all levels of the state judicial system. *Gattis v. Snyder*, 278 F.3d 222, 231 (3d Cir. 2002)(*quoting Evans v. Court of Common Pleas*, 959 F.2d 1227, 1231 (3d Cir. 1992), *cert. petition dismissed*, 506 U.S. 1089 (1993), "[b]oth the legal theory and the facts underpinning the federal claim must have been presented to the state courts … and the same method of legal analysis must be available in the state court as will be employed in the federal court.").

A federal court may also **deny** a habeas petition on the merits notwithstanding the petitioner's failure to exhaust state remedies. 28 U.S.C. §2254(b)(2). *See Burkett v. Love*, 89 F.3d 135, 138 (3d Cir. 1996).

An unexhausted habeas claim becomes procedurally defaulted when the petitioner has no additional state remedies available to pursue the issue. *Wenger v. Frank*, 266 F.3d 218, 223-224 (3d Cir. 2001)(when a claim has not been fairly presented to the state courts, but further state court review is clearly foreclosed under the state law, the claim is procedurally defaulted and may be entertained in a federal habeas petition only if there is a basis for excusing the procedural default), *cert. denied*, 122 S.Ct. 1364 (2002).

Procedural default also occurs when an issue is properly asserted in the state system, but is not addressed on the merits because of an independent and adequate state procedural rule. *Sistrunk v. Vaughn*, 96 F.3d 666, 673 (3d Cir. 1996) and *McCandless v. Vaughn*, 172 F.3d 255, 260 (3d Cir. 1999)("If the final state court presented with a federal claim refused to decide its merits based on an established state rule of law independent of the federal claim and adequate to support the refusal, federal habeas is foreclosed unless there is cause and prejudice or a showing of innocence.").

Procedural default may be excused if the habeas petitioner can show "cause" for the default and "prejudice attributable thereto," or demonstrate that the failure to consider his claim will result in a "fundamental miscarriage of justice." *Wenger*, 266 F.3d at 224 and *McCandless*, 172 F.3d at 260.

### B.  Petitioner's First, Second, and Fourth Habeas Claims are Unexhausted and Procedurally Defaulted.

In his petition for federal habeas relief, Petitioner raises three claims that he never brought in the Pennsylvania State Court system, either on direct appeal or during collateral review under the PCRA.  Therefore, these claims are unexhausted and are inappropriate for review in this forum.

**Petitioner's first habeas claim** appears to be that he believes that he should not

6

have been able to have been convicted of both second and third-degree murder. *Habeas Petition* at p. 9. Mr. Cureton never raised this issue before in the state courts and for that reason, it is unexhausted.

**Petitioner's second habeas claim** is that his trial counsel was ineffective for failing to present countering "expert witness" testimony on his behalf. *Habeas Petition* at p. 9. Mr. Cureton never raised this issue before in the state courts and for that reason, it is unexhausted. In his PCRA petition, Petitioner raised several ineffective assistance of counsel claims. *See State Court Record*: Post Conviction Relief Act Petition at p. 3; "No Merit Letter" Pursuant to Finley and Turner Requesting Leave of Court to Withdraw as Counsel at p. 4; Court of Common Pleas PCRA Appeal Opinion dated March 15, 2005. One involved counsel "nodding off" during certain parts of the trial, and another involved counsel failing to investigate and present evidence that Mr. Cureton was not a Reading, PA resident at the time of the shooting. Other claims of ineffective assistance were simply bald assertions with no factual or evidentiary support. None of the issues Petitioner raised in his PCRA petition can be coherently related to the issue he alleges here.

**Petitioner's fourth habeas claim** is that his trial counsel was ineffective for mentioning a 9mm weapon during opening statements that Mr. Cureton believes was irrelevant. In the alternative, Petitioner alleges that the court erred for failing to grant a mistrial because trial counsel "tainted the jury." *Habeas Petition* at pp. 9-10. Mr. Cureton never raised this issue before in the state courts and for that reason (as well as the reasons discussed in the preceding paragraph), it is unexhausted.

At this point, any attempt by Petitioner to return to the state courts to raise these

7

claims would be futile. The PCRA includes a one-year statute of limitations, running from the date on which a petitioner's conviction becomes final. *See* 42 Pa.C.S.A. §9545(b)(1).[7] As noted earlier, Petitioner's conviction became final on December 22, 2003. Any PCRA petition which Petition might now attempt to file would be untimely. *See Whitney v. Horn*, 280 F.3d 240, 251 (3rd Cir. 2002)(The Pennsylvania Supreme Court has made it clear that the PCRA statute of limitations "is a jurisdictional rule that precludes consideration on the merits of any untimely PCRA petition, and it is strictly enforced in all cases, including death penalty cases.")(*citing Commonwealth v. Peterkin*, 554 Pa. 547, 722 A.2d 638 (1998) and *Commonwealth v. Banks*, 556 Pa. 1, 726 A.2d 374 (1999)).[8]

Accordingly, I find that Petitioner is foreclosed from seeking PCRA review of these habeas claims, and that these claims are procedurally defaulted for habeas

---

[7] "A conviction becomes final for PCRA purposes at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking the review." *Whitney v. Horn*, 280 F.3d 240, 251 (3rd Cir. 2002)(*quoting Lines v. Larkins*, 208 F.3d 153, 164 (3rd Cir. 2000), *cert. denied*, 537 U.S. 1195 (2003).

[8] There are three exceptions to the one-year PCRA statute of limitations, which excuse the limitations period where "(1) the petitioner failed to raise the claim previously due to interference by government officials with the presentation of the claim in violation of the constitutions and laws of the United States and Pennsylvania; (2) the facts upon which the claim is based were unknown to the petitioner and could not have been discovered through due diligence; or (3) the claim involves a constitutional right recognized by the Supreme Court of the United States or of Pennsylvania subsequent to the expiration of the statute of limitations and held to apply retroactively." *Lambert v. Blackwell*, 134 F.3d 506, 523-524 (3rd Cir. 1997), *cert. denied*, 532 U.S. 919 (2001).

To the extent that Petitioner alleges that the facts upon which his first and fourth habeas claims are based were unknown to him and could not have been discovered through due diligence, this Court disagrees. *Habeas Petition* at p. 10. Despite not having the transcripts of his trial, Petitioner would have been present when the jury read its verdict, finding him guilty of both second and third degree murder. Further, Petitioner was present during his trial counsel's closing argument and was aware that counsel mentioned a 9mm weapon. Finally, the record before me does not support a finding that these facts could not have been discovered through the exercise of due diligence on the part of Petitioner. There are no exceptions to the PCRA limitations period that apply in this case.

8

purposes. Absent a showing of cause and prejudice, or fundamental miscarriage of justice, Petitioner's first, second, and fourth habeas claims are not subject to review in this forum.

### III. Merits

Petitioner's third habeas claim is a federal claim that was sufficiently exhausted in the Pennsylvania Courts and shall now be addressed on its merits.

#### A. Habeas Standard of Review

Mr. Cureton's habeas petition was filed after the effective date of AEDPA. The amended habeas standards apply to his habeas claims. AEDPA precludes habeas relief on "any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence in the State court proceeding.

28 U.S.C. §2254(d)(Supp. 1998).

"'[C]learly established Federal law' under §2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003).

A state court decision is "contrary to" Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from

[Supreme Court] precedent." *Id.* at p. 73 (2003)(*quoting Williams v. Taylor*, 529 U.S. 362, 405-406 (2000)).

> "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonable applies that principle to the facts of the prisoner's case." The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. The state court's application of clearly established law must be objectively unreasonable.

*Id.* at 75 (2003)(*quoting Williams v. Taylor*, 529 U.S. 409-413 (2000)).

With respect to §2254(d)(2), the burden is on the petitioner to establish that the state court decision was based on an unreasonable determination of the facts in light of the evidence presented. *Campbell v. Vaughn*, 209 F.3d 280, 290-91 (3d Cir. 2000), *cert. denied*, 531 U.S. 1084 (2001).

> "[A] decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." Yet "deference does not imply abandonment or abdication of judicial review. In other words, "[d]eference does not by definition preclude relief."

*Lambert v. Blackwell*, 387 F.3d 210, 234-235 (3d Cir. 2004)(*quoting Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003)), *cert. denied*, 125 S.Ct. 2516 (2005).

In *Lambert*, the Third Circuit noted that the relationship between the reasonableness determination under 28 U.S.C. §2254(d)(2) and the presumption of correctness under 28 U.S.C. §2254(e)(1) "remains unclear." The *Lambert* Court provided the following principles:

> [T]he language of §2254(d)(2) and §2254(e)(1) implies an important decision: §2254(d)(2)'s reasonableness determination turns on a consideration of the totality of the "evidence presented in the state-court proceeding," while §2254(e)(1) contemplates a challenge to the state court's individual factual determinations, including a challenge based

10

> wholly or in part on evidence outside of the state trial record. [citations omitted] We therefore read §2254(d)(2) and §2254(e)(1) together as addressing two somewhat different inquiries. The fundamental prerequisites to granting a writ on factual grounds is consideration of the evidence relied upon in the state court proceeding. Section 2254(d)(2) mandates the federal habeas court to assess whether the state court's determination was reasonable or unreasonable given that evidence. If the state court's determination is unreasonable in light of the evidence presented in the state court proceeding, habeas relief is warranted.
>
> Within this overreaching standard, of course, a petitioner may attack specific factual determinations that were made by the state court, and that are subsidiary to the ultimate decision. Here, section 2254(e)(1) comes into play, instructing that the state court's determination must be afforded a presumption of correctness that the petitioner can rebut only by clear and convincing evidence. In this inquiry, a petitioner may develop clear and convincing evidence by way of a hearing in federal court as long as he satisfies the necessary prerequisites. *See* 28 U.S.C. §2254(e)(2). In the final analysis, however, even if a state court's individual factual determinations are overturned, what factual findings remain to support the state court decision must still be weighed under the overarching standard of section 2254(d)(2).

*Id.* at pp. 235-236 (3d Cir. 2004).

Two points are paramount under AEDPA's factual review provisions: (1) the state court findings are entitled to "considerable deference" and (2) before a writ of habeas corpus can be granted, the petitioner must show an unreasonable determination – under (d)(2) – in light of the entire record in the original state court trial. *Id.* at p. 236 (3d Cir. 2004).

### B. *Petitioner is Not Entitled to Habeas Relief on his Claim of Insufficiency of the Evidence*

As his third habeas claim, Petitioner asserts that the evidence at trial was insufficient to support the jury's verdict of second and third-degree murder beyond a reasonable doubt because there was no gunpowder residue found on his clothes or hands after he allegedly shot the victim. *Habeas Petition* at p. 9. Although Mr. Cureton raised

this issue in his PCRA petition, the PCRA court never addressed the claim on its merits. That court held that the issue had been previously litigated, and so it would not be appropriate for that court to address it. In fact, the Superior Court never addressed the issue of there being no gunpowder residue on Mr. Cureton during direct appeal. The court interpreted the claim broadly – whether there was sufficient evidence for a reasonable juror to determine that Mr. Cureton was the shooter beyond a reasonable doubt. Regardless, this Court will now address Petitioner's specific claim on its merits.

### 1. The State Law Applied by the Superior Court is Not Contrary to United States Supreme Court Precedent.

A federal habeas court faced with an issue concerning the sufficiency of the evidence supporting a conviction in the state court is not required to reevaluate the evidence for a determination of guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979). "Federal courts are not forums in which to re-litigate state trials." *Barefoot v. Estelle*, 463 U.S. 72, 90 (1977). It is the responsibility of federal habeas court to "ensure that individuals are not imprisoned in violation of the Constitution – not to correct errors of fact." *Herrera v. Collins*, 506 U.S. 390, 400 (1993), *rehearing denied*, 507 U.S. 1001 (1993).

The Supreme Court has instructed that the proper inquiry to be made is whether or not a "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson*, 443 U.S. at 401. In essence, the *Jackson* test does not require the federal habeas court to determine the correctness of the verdict, but to determine whether or not the verdict was rational, considering the evidence of record in the light most favorable to the prosecution. *Herrera*, 506 U.S. at 402.

Under the AEDPA, a federal reviewing court applies a presumption of validity to the factual findings of the state courts. *Steven v. Delaware Corr. Ctr.*, 295 F.3d 361, 368 (3d Cir. 2002)(*citing* 28 U.S.C. §2254(d)). Such a presumption can only be overcome by a showing of clear and convincing evidence in the record demonstrating the contrary. *Id.* The Third Circuit has noted that in order to apply the *Jackson* test, the federal habeas court must look to the evidence which the state courts considered to be sufficient to meet the elements of a crime governed by state law. *Jackson v. Byrd*, 105 F.3d 145, 149 (3d Cir.), *cert. denied*, 520 U.S. 1268 (1997).

On direct appeal, the Superior Court applied the Pennsylvania law for sufficiency of the evidence. The Superior Court noted that under state law:

> The well settled test for sufficiency is whether the evidence, and the reasonable inferences that may be drawn from it, viewed in a light most favorable to the Commonwealth as verdict winner, adequately establishes each element of the crime charged beyond a reasonable doubt. *Commonwealth v. Johnson*, 727 A.2d 1089 (Pa. 1999). The credibility of witnesses is a matter for the fact-finder, who may reject or believe any portion, all or none of their testimony. *Commonwealth v. Vallette*, 613 A.2d 548 (Pa. 1992).

*State Court Record*: Superior Court Opinion dated April 16, 2003 at pp. 2-3.

The legal standards applied by the Superior Court to Petitioner's challenge to the sufficiency of the evidence are consistent with federal laws established by the United States Supreme Court.

 2. *The Superior Court's Decision on Petitioner's Sufficiency of the Evidence Claim Did Not Result in an Outcome That Cannot be Reasonably Justified Under Controlling Federal Law, and Was Not Based on an Unreasonable Determination of the Facts.*

The Superior Court determined that the evidence established at trial was sufficient such that a reasonable jury could find beyond a reasonable doubt that Mr. Cureton indeed shot and killed the victim. *Id.* at p. 3. In support of this conclusion, the

Superior Court pointed out that one witness, E.S., was able to identify Mr. Cureton as the person who shot the victim, and another witness, J.P., also identified Mr. Cureton as a participant in the gunfight.

Petitioner's argument, that the evidence was insufficient to identify him as the shooter, based on the fact that no gunpowder residue was found on his hands or clothes, is wholly without merit.  At trial, the jury heard testimony from Beverly Beshore-Strohm, a forensic scientist with the Pennsylvania State Police, who was qualified by the court as an expert in the field of forensic science.  *See* N.T. Trial:  Jury Trial; September 18, 2001 at pp. 517-522.  Ms. Beshore-Strohm testified that she had performed an anatomic absorption test on Mr. Cureton to identify any traces of gunpowder residue that might have been on him after the shooting.  She testified that the test results indicated that the swabbing samples taken from Mr. Cureton were inconsistent for the presence of gunshot primer residue.  *Id.* at 520.  She further testified that it was possible for someone to fire a gun and not have gunshot residue on their hands if, for instance, the weapon wasn't a good deposit of gunshot residue, or if the person wiped or washed their hands after firing the gun, even by placing their hands in their pockets or by touching an everyday object because of how fragile the deposit would be.  *Id.* at pp. 520-21.

From this testimony, as well as the testimony from the two eyewitnesses who identified Mr. Cureton shooting at the victim, it is clear that the evidence was sufficient for a reasonable jury to conclude beyond a reasonable doubt that Petitioner was, in fact, the individual who shot the victim.  The Superior Court's factual findings are supported by the record and are not based on an unreasonable determination of the facts.  Petitioner is not entitled to habeas relief on this claim.

**RECOMMENDATION**

For the reasons stated above, it is recommended that Mr. Cureton's Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. §2254, be DENIED AND DISMISSED WITHOUT AN EVIDENTIARY HEARING. It is further recommended a finding be made that there is no probable cause to issue a certificate of appealability.

BY THE COURT:


S/M.  FAITH ANGELL
M. FAITH ANGELL
UNITED STATES MAGISTRATE JUDGE