IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SHARIF CURETON,** | : | **CIVIL ACTION** |
| Petitioner, | : | |
| | : | |
| v. | : | 06-3030 |
| | : | |
| | : | |
| **SUPERINTENDENT ROZUM,** | : | |
| et al., | : | |
| Respondents. | : | |

**O R D E R**

**AND NOW**, this 4th day of June, 2007, upon consideration of the pleadings and the record herein, and after review of the Report and Recommendation of M. Faith Angell, United States Magistrate Judge, and of the petitioner's Objection to the Report and Recommendation, it is hereby **ORDERED** that:

1)   The petitioner's Objection to the Report and Recommendation (Document No. 18) is **OVERRULED**.[1]

---

[1] The petitioner raises three arguments in his objection to the Report and Recommendation. Each of the arguments fail. First, the petitioner argues that a certificate of appealability should issue because he has made the necessary showing of the denial of his constitutional rights. This contention is rejected in infra footnote 2. Second, the petitioner claims that the procedural default of Grounds One, Two, and Four should be excused under the narrow "cause and actual prejudice" exception of 28 U.S.C. § 2254(b). See Coleman v. Thompson, 501 U.S. 722, 752-57 (1991) ("In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law . . . ."). Under the petitioner's view, the "cause" for his failure to raise the procedurally defaulted claims was his ineffective state-appointed counsel for his Pennsylvania Post Conviction Relief Act ("PCRA") petition. The United States Supreme Court's decision in Coleman v. Thompson, 501 U.S. 722, 752-57 (1991), clearly defeats this objection. The Court stated: "[C]ounsel's ineffectiveness will constitute cause only if it is an independent constitutional violation. Pennsylvania v. Finley, 481 U.S. 551 (1987), and Murray v. Giarratano, 492 U.S. 1 (1989), established that there is no [constitutional] right to counsel in state collateral proceedings." Coleman, 501 U.S. at 755. Therefore, the petitioner must bear the risk of any attorney error in the PCRA petition; it does not rise to the level of "cause." Finally, petitioner objects to

2) The Report and Recommendation (Docket No. 12) is **APPROVED** and **ADOPTED**.

3) The Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254, is **DENIED** and **DISMISSED** without an evidentiary hearing.

4) The petitioner has failed to make the requisite showing to issue a certificate of appealability.[2]

5) The Clerk of Court shall mark this case as **CLOSED** for all purposes.

BY THE COURT:


   /s/ Lawrence F. Stengel
　　　　　　　　　　　　　　　　　　LAWRENCE F. STENGEL, J.

---

Judge Angell's conclusion that the petitioner should not be granted habeas relief based on Ground Three, in which the petitioner claimed that the evidence at trial was insufficient to sustain the verdict against him. I find that Judge Angell's decision was correct. Given the trial testimony of Beverly Beshore-Strohm and the two eyewitnesses to the shooting, the Pennsylvania Superior Court's decision was not based on an unreasonable determination of the facts in light of the evidence. Moreover, the Pennsylvania Superior Court's decision on the issue was neither contrary to nor an unreasonable application of clearly established federal law. See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 404-06 (2000).

[2] In order for a federal district court judge to issue a certificate of appealability under 28 U.S.C. § 2253, the petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In this case, for the petitioner to satisfy this requirement for Grounds One, Two, and Four, where the constitutional claims have been rejected on procedural grounds, he must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (emphasis added). I do not need to address the validity of the constitutional claims because no reasonable jurist would find it debatable that Grounds One, Two, and Four are procedurally defaulted. Id. at 485 (encouraging courts to first resolve procedural issues if that will "dispose of the application in a fair and prompt manner"). As for Ground Three's insufficiency of the evidence argument, the petitioner has failed to demonstrate that reasonable jurists would find Judge Angell's assessment of the constitutional claim debatable or wrong. Id. at 484. Therefore, there is no basis for the issuance of a certificate of appealability in this matter.